**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Criminal No. 22-213 (ADC) (MBA) |
| **[14] GABRIEL JOSUE CASANOVAS-YALES** | |
| Defendant. | |

### REPORT & RECOMMENDATION

Before the Court is Gabriel Josué Casanova-Yales's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(a)(1)(A) and the First Step Act. (ECF No. 1969). U.S. District Judge Aida M. Delgado-Colón referred the matter to me for a Report and Recommendation. (ECF No. 1970). For the reasons outlined below, I recommend Casanova's Motion for Reduction of Sentence be **DENIED**.

### BACKGROUND

On May 17, 2022, Casanova was charged in six counts of a seven-count Indictment. (ECF No. 3). Count One charged conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841, 846, and 860. (*Id.* at 4). Counts Two through Five charged Casanova with possession with intent to distribute heroin, cocaine base, cocaine, and marijuana in violation of 21 U.S.C. § 841. (*Id.* at 13-19). Count Six charged possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(a). (*Id.* at 19-20). Casanova pled guilty to Counts One and Six pursuant to a plea agreement on January 18, 2024. (ECF No. 1570). And on July 1, 2024, Casanova was sentenced to 42 months' imprisonment as to Count One and 60 months' imprisonment as to Count Six, which were to be served consecutively to each other as required by law. (ECF No. 1862, 1863). Casanova did not appeal the judgment. On October 10, 2025, Casanova filed his *pro se* motion for reduction of sentence currently before the Court. (ECF No. 1969).

### DISCUSSION

In his two-page motion, Casanova claims that "if [he was] sentenced today" his sentence would

1

not have been subject to "mandatory stacking" and therefore requests a reduction of sentence under the First Step Act of 2018. (ECF No. 1969 at 1). This is because, according to Casanova, he was "sentenced under provisions that no longer apply the same way." (*Id.* at 2). He is wrong.

The First Step of 2018 was enacted in 2018 – six years prior to Casanova's sentencing in 2024. First Step Act of 2018, § 403(a), Pub. L. No. 115-391, 132 Stat. 5194, 5221-5222 (Dec. 21, 2018). In other words, when Casanova was sentenced the First Step Act was in full effect. Moreover, there was no stacking or even the possibility of stacking in his sentence. Prior to the First Step Act, "§ 924(c)(1)(C)(i) required courts to impose a sentence of at least twenty-five years for each 'second or subsequent' § 924(c) conviction, even if all the defendant's § 924(c) convictions stemmed from the same indictment." *United States v. Cruz-Rivera*, 954 F.3d 410, 411 (1st Cir. 2020). This was Casanova's first and only conviction under § 924(c) and therefore his sentence could not have possibly been stacked even if he was "sentenced under provisions that no longer apply." (ECF No. 1969 at 2). Therefore, Casanova's request for relief under the First Step Act should be denied.

To the extent Casanova is seeking compassionate release by citing to § 3582(c)(1)(A), any such request should also be denied. Other than citing to 18 U.S.C. § 3582(c)(1)(A) and alleging that the "pre-First Step Act stacking may constitute extraordinary and compelling reasons" (ECF No. 1969 at 2), Casanova does not explain how he has met any of the requirements for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring the petitioner to have first "fully exhausted all administrative rights" with the Bureau of Prisons); *United States v. D'Angelo*, 110 F.4th 42, 48 (1st Cir. 2024) (explaining that after showing exhaustion of administrative remedies, the petitioner then must show that (1) extraordinary and compelling reasons exist, (2) the sentence reduction is consistent with USSG § 1B1.13, and (3) the § 3553(a) factors favor release). Thus, he waives any such claim. *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"). And, as stated above, because Casanova was sentenced after the First Step Act was enacted and there was no stacking in his case, there is no merit to his contention.

## CONCLUSION

For the aforementioned reasons, I recommend that Plaintiff's motion to reduce his sentence be **DENIED**.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with

the Clerk of Court within fourteen days of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30-31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED**.

In San Juan, Puerto Rico this April 23, 2026.

s/ *Mariana E. Bauzá-Almonte*
MARIANA E. BAUZÁ-ALMONTE
United States Magistrate Judge